IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BOBBY COLE                                                                  PLAINTIFF

V.                                NO. 13-3002

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Bobby Cole, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

      Plaintiff filed his applications for DIB and SSI on January 18, 2011, alleging disability since January 1, 2008,[2] due to pectus excavatum[3] and knee problems. (Tr. 139-140, 146-152, 169, 173). An administrative hearing was held on November 3, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 42-72).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff originally alleged his onset date was August 10, 1979, the date of his birth. At the hearing before the ALJ, Plaintiff's counsel amended the onset date to January 1, 2008. (Tr. 55),

[3] Pectus excavatum - A hollow at the lower part of the chest caused by a backward displacement of the xiphoid cartilage.... Stedman's Medical Dictionary 1446 (28th ed. 2006).

-1-

By written decision dated January 20, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - pectus excavatum, shortness of breath, migraine headaches and low back pain. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant must avoid concentrated exposure to extreme heat and cold and avoid even moderate exposure to fumes, gases, odors, dusts, poor ventilation and other pulmonary irritants.

(Tr. 17). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform work as a fast food worker; counter clerk; photo finishing; furniture rental clerk; storage facility rental clerk; charge account clerk; escort vehicle driver; and surveillance system monitor. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 9, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are

supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation

process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ's determination of Plaintiff's RFC is unsupported by substantial evidence; and 2) If the ALJ's decision denying benefits was not supported by substantial evidence, the case must be reversed or remanded. (Doc. 13).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that

AO72A
(Rev. 8/82)

addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Shannon Brownfield, who, on March 4, 2011, conducted a General Physical Examination. (Tr. 321-326).

In his decision, the ALJ discussed Dr. Brownfield's examination report, in which Dr. Brownfield concluded that upon physical examination, Plaintiff revealed normal range of motion in his extremities, cervical spine and lumbar spine. (Tr. 20, 323). Dr. Brownfield also noted that Plaintiff had normal breath sounds and no muscle atrophy or weakness. (Tr. 20, 323-324). Dr. Brownfield noted positive crepitus and popping in the right knee, and could perform all of the limb function tests but had pain in his right knee when squatting and rising from a squatting position. (Tr. 20, 324). Dr. Brownfield diagnosed Plaintiff with pectus excavatum, which was severe and caused pain and shortness of breath, and right knee pain. (Tr. 325). Dr. Brownfield further noted, and the ALJ acknowledged, that Plaintiff's pectus excavatum deformity was significant and Plaintiff had an old surgical scar, and concluded that Plaintiff had moderate to severe limitations with exertion and use of his arms with weights or pushing or pulling, and had moderate limitations on prolonged standing, climbing stairs and kneeling. (Tr. 20, 325).

On March 28, 2011, non-examining consultant, Dr. Jonathan Norcross, completed a Physical RFC Assessment. (Tr. 342-349). Dr. Norcross concluded that Plaintiff would be able to perform light work, except that he should avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, and should avoid concentrated exposure to extreme cold and extreme heat. (Tr. 346). This opinion was affirmed by Dr. Bill F. Payne, in a Case Analysis

dated May 28, 2011. (Tr. 350).

The ALJ gave great weight to the RFC conclusions reached by the medical professionals employed by the state agency. (Tr. 20). With respect to Dr. Brownfield's opinion, the ALJ found that his opinion was more limiting than the objective medical evidence of record would support. (Tr. 20). The ALJ concluded that to the extent Dr. Brownfield's opinion was consistent with the medical evidence of record and Plaintiff's testimony, the ALJ incorporated those limitations into the Plaintiff's RFC as assessed. (Tr. 20).

As noted by the ALJ, there is no treating source opinion that Plaintiff is more limited than as provided in the ALJ's RFC assessment. (Tr. 21). In addition, the ALJ considered the record as a whole, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Furthermore, it is noteworthy that at the hearing before the ALJ, the Plaintiff acknowledged that his only treatment the previous three years had been through the emergency rooms, and he was not being seen by any regular physician. (Tr. 71). It is also relevant that in his Disability Report - Appeal, dated May 20, 2011, Plaintiff did not indicate that he was taking any medications. (Tr. 212). Plaintiff testified that with respect to his headaches, he normally took extra-strength Tylenol, and went to the emergency room about once every three months. (Tr. 59). "A claimant's allegations of disabling pain may be discredited by evidence that the claimant has received minimal medical treatment and/or has taken only occasional pain medications." Singh v. Apfel, 222 F.3d 448, 453 (8th Cir. 2000). In addition, a hospital report dated March 1, 2011, indicated Plaintiff smoked, and was strongly encouraged to stop. (Tr. 371). "A failure to follow a recommended course of treatment also weighs against a claimant's credibility." Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005).

It is also relevant that during the time period, in question, Plaintiff presented to the emergency room after having fallen off of a horse (Tr. 391), and on December 26, 2010, he received a splinter in his hand from someone handing him a wooden 2 x 4, and reported that he worked as a construction worker. (Tr. 384, 386). Clearly, such activities are not consistent with someone who is disabled.

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC Assessment. In so holding, it is not necessary to address Plaintiff's second issue - that the case should be remanded or reversed.

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 12th day of February, 2014.

*/s/ Erin L. Setser*
  HON. ERIN L. SETSER
  UNITED STATES MAGISTRATE JUDGE